IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-230-BO

| | | |
|---|---|---|
| DAVID EVANS, *Plaintiff*, | ) ) ) | |
| v. | ) ) | ORDER |
| KILOLO KIJAKAZI, Commissioner of Social Security, *Defendant*. | ) ) ) ) | |

This cause comes before the Court on cross motions for judgement on the pleadings [DE 16, 18, 20]. For the reasons that follow, the defendant's motion [DE 20] is GRANTED and plaintiff's motions [DE 16, 18] are denied. The decision of the Commissioner is affirmed.

## BACKGROUND

On February 3, 2018, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging that he became disabled on December 12, 2012. He later amended his alleged onset date to May 27, 2018. Plaintiff's application was originally denied on August 2, 2018 and again upon reconsideration on October 26, 2018. After a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a decision on March 6, 2020 that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard.

*Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional

capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his amended onset date. At step two, the ALJ found that plaintiff had the following severe impairments: chronic neck pain with cervical radiculopathy status-post fusion surgery, low back pain with radiculopathy secondary to degenerative disc disease, and hypertension. The ALJ found that plaintiff's mental impairment was a mild intellectual disorder and did not cause more than a minimal limitation on plaintiff's ability to perform basic work, and thus was not severe. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a Listing. The ALJ found that plaintiff had the RFC to perform a full range of light work with some physical limitations. Based on the testimony of a vocational expert, the ALJ found that plaintiff could not perform his past work. The ALJ found that plaintiff could perform a number of jobs in the national economy. Thus, the ALJ found that plaintiff's disability ended on the date of the decision.

Plaintiff argues that the ALJ's conclusion that plaintiff's mental condition was not a severe impairment. However, the ALJ adequately explained the evidence that he considered to conclude that plaintiff's mental impairments only have a minimal limitation on his ability to perform basic mental work activities. Plaintiff appears to be able to care for himself, his wife, his grandchildren, and his pets without assistance or reminders. The evidence in the record does not show that he has significant mental impairments that impede his daily activities. The ALJ did not refute that plaintiff had received diagnosis of a mental condition, but in order to prove disability in this context,

3

Case 7:20-cv-00230-BO   Document 26   Filed 09/02/22   Page 3 of 4

plaintiff must show that his impairments cause more than a minimal limitation on his ability to perform basic mental work activities. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Accordingly, the ALJ's determination was supported by substantial evidence. Thus, the Commissioner's decision is affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motions for judgement on the pleadings [DE 16, 18] are DENIED. Defendant's motion for judgement on the pleadings [DE 20] is GRANTED.

SO ORDERED, this __31__ day of August, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE